IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SAMUEL ST. JAMES,                )    CIVIL 16-00529 LEK-KSC
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
JP MORGAN CHASE BANK             )
CORPORATION, ETC., ET AL.,       )
                                 )
          Defendants.            )
_____ )

**ORDER DENYING MOTION TO DISMISS [DKT. NO. 58]**
**PLAINTIFF SAMUEL ST. JAMES'S SECOND AMENDED COMPLAINT**

On May 25, 2018, Defendants JPMorgan Chase Bank, N.A.

("JPMorgan"); Wells Fargo Bank, N.A. ("Wells Fargo"); California

Reconveyance Company ("CRC"); and U.S. Bank National Association,

as Trustee, Successor in Interest to Wachovia Bank, National

Association, as Trustee, for Merrill Lynch Mortgage Investors

Inc. Mortgage Pass-Through Certificates, Series MLMI 2005-A5

("U.S. Bank," and all collectively "Moving Defendants"), filed

their Motion to Dismiss [Dkt. No. 58] Plaintiff Samuel

St. James's Second Amended Complaint ("Motion"). [Dkt. no. 65.]

Plaintiff Samuel St. James ("Plaintiff") filed his memorandum in

opposition on July 9, 2018, and the Moving Defendants filed their

reply on September 17, 2018. [Dkt. nos. 67, 70.]  On

September 27, 2018, this Court issued an entering order finding

the Motion suitable for disposition without a hearing, pursuant

to Rule LR7.2(d) of the Local Rules of Practice for the United

States District Court for the District of Hawaii ("Local Rules"),
and ruling that the Motion was denied. [Dkt. no. 72.] The
instant Order supersedes that ruling. The Motion is hereby
denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is
set forth in this Court's September 29, 2017 "Order Granting in
Part and Denying in Part Defendants JP Morgan Chase Bank, N.A.;
Wells Fargo Bank, N.A.; California Reconveyance Company; and U.S.
Bank National Association's 'Motion to Dismiss [10] First Amended
Complaint'; and Granting Defendant Deborah Brignac's 'Motion to
Dismiss [ECF No. 10] First Amended Complaint Filed October 24,
2016'" ("9/29/17 Order"). [Dkt. no. 45.[1]]

Plaintiff filed his First Amended Complaint pro se.
The 9/29/17 Order described this case as "aris[ing] from

---

[1] The 9/29/17 Order is also available at 2017 WL 4392040.
The First Amended Complaint and the 9/29/17 Order referred to
JP Morgan Chase Bank, N.A. as "JP Morgan." See, e.g., First
Amended Complaint at ¶ 2; 9/29/17 Order, 2017 WL 4392040, at *1.
The Second Amended Complaint and the instant Motion refer to
JPMorgan Chase Bank N.A., doing business as Chase Bank, as
"JPMorgan." See, e.g., Second Amended Complaint at ¶ 3; Motion
at 1. JP Morgan and JPMorgan refer to the same defendant.

The 9/29/17 Order referred to: (1) the Moving Defendants as
the "Bank Defendants," and their motion to dismiss the First
Amended Complaint, [filed 11/14/16 (dkt. no. 14),] as the "Bank
Motion"; and (2) Defendant Deborah Brignac ("Brignac") motion
to dismiss the First Amended Complaint, [filed 2/24/17 (dkt.
no. 32),] as the "Brignac Motion." 9/29/17 Order, 2017 WL
4392040, at *1.

Plaintiff's unsuccessful attempt to obtain a loan modification for the mortgage on his home in San Diego, California ('the Property') under the Home Affordable Modification Program ('HAMP')." 2017 WL 4392040, at *1.

The First Amended Complaint alleged the following claims: a fraud claim against the Bank Defendants, Brignac, and Washington Mutual Holding, Inc. ("WMHI")[2] based on misrepresentations in the loan modification process ("Count I"); [First Amended Complaint at ¶¶ 48-69;] a breach of contract claim against JP Morgan, based upon its alleged failure to comply with the HAMP three-month trial period plan ("TPP") agreement ("Count II"); [id. at ¶¶ 70-80;] a fraud claim against JP Morgan, Wells Fargo, and CRC based on misrepresentations in a case Plaintiff filed in a California federal court ("Count III"); [id. at ¶¶ 81-90;] an unclean hands claim against the Bank Defendants and Defendant Alaw[3] based on their alleged actions and omissions

_____

[2] According to the First Amended Complaint, Washington Mutual Bank, FSB ("WMB") reorganized in bankruptcy to WMHI in 2012. [First Amended Complaint at ¶ 10.] Although both WMHI and WMB were named as defendants in the First Amended Complaint, Plaintiff apparently did not complete service upon either entity, and they were not named as defendants in the Second Amended Complaint.

[3] Plaintiff identified Alaw as the "successor to, 'CRC', by purchase from" JP Morgan. [First Amended Complaint at ¶ 14.] The Second Amended Complaint includes Defendant Albertelli Law Partners, LLC, which Plaintiff refers to as "Alaw," see, e.g., Second Amended Complaint at ¶ 4, but the Court will refer to it as "Albertelli." There is no indication in the record that
(continued...)

3

during Plaintiff's bankruptcy proceedings in the District of Hawai`i ("Count IV"); [id. at ¶¶ 91-111;] violation of the California Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, and other Hawai`i and California consumer protection laws, against the Bank Defendants and Alaw ("Count V"); [id. at ¶¶ 112-18;] a claim against the Bank Defendants seeking to set aside or vacate the sale of his home and to have title restored to him ("Count VI"); [id. at ¶¶ 119-26;] and intentional infliction of emotional distress against all of the defendants ("Count VII"), [id. at ¶¶ 127-42].

This Court granted the Bank Motion and the Brignac Motion insofar as the First Amended Complaint was dismissed for lack of jurisdiction. Because this Court concluded that it was possible for Plaintiff to cure the jurisdictional defect, this Court also addressed whether amendment of Plaintiff's claims would be futile because they were time-barred. 9/29/17 Order, 2017 WL 4392040, at *4. Specifically, this Court ruled as follows:

-California law applied to Counts I and III, and the claims could be amended to allege a basis for tolling of the statute of limitations; id. at *5-6;

-California law applied to Count II; id. at *5; and the dismissal of Count II had to be with prejudice because the claim was time-barred; id. at *7;

---

-Hawai`i law applied to Count IV; <u>id.</u> at *5; and the claim was
   not time-barred; <u>id.</u> at *8;

-Count V was "liberally construed to allege both that the
   challenged conduct which occurred in California violated
   California consumer protection laws and the challenged
   conduct which occurred in Hawai`i violated Hawai`i consumer
   protection laws"; <u>id.</u> at *5; Plaintiff's Haw. Rev. Stat.
   Chapter 480 claims would be timely if he cured the
   jurisdictional defect; <u>id.</u> at *8; and Plaintiff's Cal. Bus.
   & Prof. Code § 17200 claims could be amended to allege a
   basis for tolling of the statute of limitations; <u>id.</u>;

-California law applied to Count VI; <u>id.</u> at *5; and the claim
   could be amended to allege a basis for tolling of the
   statute of limitations; <u>id.</u> at *9; and

-California law applied to Count VII; <u>id.</u> at *5; and the claim
   could be amended to allege a factual basis for a ruing that
   the claim "did not accrue until [Plaintiff] knew or should
   have known that his emotional distress was caused by
   defendants' **outrageous** conduct," <u>id.</u> at *10 (emphasis in
   original).

This Court also dismissed Plaintiff's claims in Counts I and VII

against Brignac – the only claims against her – with prejudice

because, even if Plaintiff could cure the jurisdictional defect,

he could not cure the substantive defects in his claims against

her.  <u>Id.</u> at *11.  The Clerk's Office was directed to terminate

Brignac as a party unless Plaintiff filed a motion for

reconsideration of the 9/29/17 Order.  <u>Id.</u> at *12.  Plaintiff did

not file a motion for reconsideration, and Brignac was terminated

as a party on October 20, 2017.

       Because Counts I and III through VII were dismissed

without prejudice as to the Bank Defendants, Plaintiff was

allowed to file a motion seeking leave to file a second amended complaint.  <u>Id.</u>

On January 8, 2018, Plaintiff's counsel filed his notice of appearance, and Plaintiff filed his Motion for Leave to File Second Amended Complaint ("Motion for Leave") on January 11, 2018.  [Dkt. nos. 48, 49.]  The magistrate judge orally granted the Motion for Leave at the hearing on the motion.[4]  [Minutes, filed 2/26/18 (dkt. no. 57).]  Plaintiff filed his Second Amended Complaint on March 5, 2018.  [Dkt. no. 58.]

The Second Amended Complaint names JPMorgan, CRC, Albertelli, and U.S. Bank as defendants.  [<u>Id.</u> at ¶¶ 3-5.]  Although Wells Fargo is listed among the Moving Defendants, Wells Fargo is not named as a defendant in the Second Amended Complaint.  <u>See</u> <u>id.</u> at ¶ 17 ("In October, 2008, Wachovia Bank merged into Wells Fargo Bank N.A."); <u>id.</u> at ¶ 5 (naming U.S. Bank as a defendant in its capacity as "successor in interest to Wachovia Bank, N.A. as trustee" ("Wachovia") (emphasis omitted)).  All subsequent references to the "Moving Defendants" will refer to only JPMorgan, CRC, and U.S. Bank.  The Moving Defendants and Albertelli will be referred to collectively as "Defendants."

Jurisdiction is based on diversity.  [<u>Id.</u> at ¶ 7.]  Plaintiff is a Hawai`i citizen; JPMorgan is a national

---

[4] On March 5, 2018, the magistrate judge filed a written order granting the Motion for Leave.  [Dkt. no. 59.]

association with its main office in New York; U.S. Bank is a national association with its main office in Minnesota; Albertelli is a Florida limited liability company with its main office in Florida; and Plaintiff does not give citizenship information regarding CRC. [Id. at ¶¶ 1, 3-5.] However, there is nothing in the Second Amended Complaint which suggests that CRC may be considered a Hawai`i citizen for diversity purposes.

According to the Second Amended Complaint, on April 7, 2005, Plaintiff obtained a $417,000 loan from Washington Mutual Bank, FA ("WaMu"). In connection with the loan, he executed: a Fixed/Adjustable Rate Note ("Note"); and a Deed of Trust for the Property in favor of WaMu, with CRC as the trustee. The Deed of Trust gave CRC the power to sell the Property if Plaintiff committed a material default. [Id. at ¶¶ 9-12.] Plaintiff alleges that, on or about September 25, 2008, JPMorgan obtained the majority of WaMu's residential mortgage loans. [Id. at ¶ 16.] According to Plaintiff, however, WaMu's receiver did not assign Plaintiff's Deed of Trust to U.S. Bank until on or about March 19, 2013, and Albertelli purchased CRC's assets from JPMorgan in December 2013. [Id. at ¶¶ 27, 30.]

From February to May 2009, Plaintiff received letters from JPMorgan that advised him to apply for a loan modification, and Plaintiff entered into the TPP with JPMorgan, on or about September 17, 2009. Plaintiff alleges JPMorgan made false

representations about its interest in Plaintiff's loan and its
authority to negotiate a loan modification during Plaintiff's
application process and in connection with the TPP. In June
2010, JPMorgan informed Plaintiff he did not qualify for a
permanent loan modification. [Id. at ¶¶ 18-21.]

On or about September 1, 2010, CRC recorded and sent
Plaintiff a notice that his loan was in default and that it
intended to sell the Property if he did not cure the default
("Trustee's Notice"). Plaintiff alleges the Trustee's Notice was
wrongful because, at that time, it was Wachovia that held the
Note and was the assignee of the Deed of Trust. [Id. at ¶¶ 22-
23.] On September 10, 2010, Plaintiff filed a wrongful
foreclosure action in a the United States District Court for the
Southern District of California against, *inter alia*, JPMorgan and
CRC ("California Case"). According to Plaintiff, during the
California Case, JPMorgan falsely represented that it had a valid
interest in Plaintiff's Note and mortgage. [Id. at ¶¶ 24-25.]

On January 30, 2013, Plaintiff filed Chapter 13
bankruptcy proceedings in the United States Bankruptcy Court for
the District of Hawai`i ("Bankruptcy Case"). [Id. at ¶ 26.]
Plaintiff alleges that, during the Bankruptcy Case, U.S. Bank
falsely represented it was the holder of the Note and was the
assignee of the Deed of Trust, and JPMorgan falsely represented
that it was the loan servicer of Plaintiff's loan. [Id. at

8

¶¶ 28-29.] Plaintiff further alleges that, because of these
false representations, JPMorgan and U.S. Bank (by and through CRC
and/or Albertelli) obtained relief from the automatic bankruptcy
stay in 2015 and were able to complete a nonjudicial foreclosure
of the Property. [<u>Id.</u> at ¶ 31.] "After the foreclosure sale was
completed, Plaintiff discovered there was a fatal break in the
chain of title to the mortgage and that Defendants JPMorgan and
U.S. Bank made material misrepresentations to the Bankruptcy
Court as to their claimed interest in and to the Property." [<u>Id.</u>
at ¶ 32.]

The Second Amended Complaint alleges the following
claims: intentional and/or negligent misrepresentation against
all Defendants ("Amended Count I"); intentional and/or negligent
misrepresentation to the court against JPMorgan and U.S. Bank
("Amended Count II");[5] unclean hands against all Defendants
("Amended Count III"); a claim against all Defendants for breach
of Cal. Bus. & Prof. Code § 17200 and Haw. Rev. Stat. Chapter 480
("Amended Count IV"); wrongful foreclosure against all Defendants
("Amended Count V"); intentional and/or negligent infliction of
emotional distress against all Defendants ("Amended Count VI");
slander of title against all Defendants ("Amended Count VII"); a

---

[5] The heading of Amended Count II states the claim is
against WaMu and JPMorgan, but that appears to be a typographic
error, because the text of Amended Count II refers to JPMorgan
and U.S. Bank. [Second Amended Complaint at pgs. 9-10.]

declaratory judgment claim against all Defendants ("Amended Count VIII"); and a claim for an equitable lien against all Defendants ("Amended Count XI").

The instant Motion seeks dismissal, with prejudice, of all claims in the Second Amended Complaint. The Moving Defendants argue: 1) Plaintiff's claims are barred under the res judicata doctrine; and 2) it is not possible for Plaintiff to state any plausible claim for relief based on the theories asserted in the Second Amended Complaint, which were considered and rejected in the California Case and the Bankruptcy Case.

## DISCUSSION

### I. Materials Beyond the Pleadings

The Motion includes: the docket sheets for the California Case and the Bankruptcy Case; [Motion, Decl. of J. Blaine Rogers ("Rogers Decl."), Exhs. A & B;] Debtors Samuel St. James and Ma. Charito Cudillo St. James's objections to the motion for relief from the automatic stay, filed on July 17, 2013 in the Bankruptcy Case; [id., Exh. C;] the bankruptcy court's March 5, 2014 decision on Plaintiff's motion for a stay pending his appeal of the order granting relief from the automatic stay, and this Court's June 13, 2014 order dismissing Plaintiff's appeal for failure to prosecute; [id., Exhs. D & E;] Plaintiff's Note; [id., Exh. F;] and an affidavit, recorded on October 6, 2008 in the Town of West Hartford, regarding the acquisition of

10

assets by U.S. Bank from Wachovia, [id., Exh. G; Rogers Decl. at
¶ 9].  The Moving Defendants argue this Court should take
judicial notice of Exhibits A, B, C, D, E, and G pursuant to Fed.
R. Evid. 201(b)(2) and (c)(2).  [Mem. in Supp. of Motion at 4
n.5, 12 n.7, 15 n.11.]  Further, the Moving Defendants argue
Exhibit F is incorporated by reference in the Second Amended
Complaint.  [Id. at 14 n.9.]

As a general rule, this Court's scope of review in
considering a motion to dismiss is limited to the allegations in
the complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d
992, 998 (9th Cir. 2010).  "However, courts may 'consider certain
materials – documents attached to the complaint, documents
incorporated by reference in the complaint, or matters of
judicial notice – without converting the motion to dismiss into a
motion for summary judgment.'"  Haw. Req'l Council of Carpenters
v. Yoshimura, Civ. No. 16-00198 ACK-KSC, 2016 WL 4745169, at *2
(D. Hawai`i Sept. 12, 2016) (quoting United States v. Ritchie,
342 F.3d 903, 908 (9th Cir. 2003)).

This Court "may take judicial notice of court filings
and other matters of public record."  Reyn's Pasta Bella, LLC v.
Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also
Fed. R. Evid. 201(b) ("The court may judicially notice a fact
that is not subject to reasonable dispute because it: . . .
(2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned."). In considering a motion to dismiss, this Court will only consider the fact that certain documents were filed, not the contents of those documents. <u>See, e.g.</u>, <u>Hirota v. Gen. Nutrition Corp.</u>, CIVIL 15-00191 LEK-KSC, 2015 WL 6673688, at *2-3 (D. Hawai`i Oct. 29, 2015) (noting that this Court could take judicial notice of the docket in the plaintiffs' bankruptcy proceedings and the filing of specific documents, but converting the motion to dismiss into a motion for summary judgment because "it [was] necessary to consider the contents of the [plaintiffs'] filings in the Bankruptcy Court, not only the Bankruptcy Court's rulings or the fact that the [plaintiffs] filed certain documents").

The Moving Defendants' request for judicial notice of Exhibits A, B, C, D, E, and G is GRANTED, but this Court will only consider the fact that those documents – or, as to the docket sheets, the documents listed therein – were filed. This Court will not consider contents of those documents. Similarly, this Court can consider the Note (Exhibit F) because the Note is incorporated by reference in the Second Amended Complaint. <u>See, e.g.</u>, Second Amended Complaint at ¶ 10. However, this is not dispositive of what entity controlled the Note at certain specific times relevant to Plaintiff's claims.

The Court's consideration of these exhibits does not convert the instant Motion into a motion for summary judgment.

See <u>Yoshimura</u>, 2016 WL 4745169, at *2.  The Court now turns to the merits of the Motion.

## II.  <u>Law of the Case Doctrine</u>

Plaintiff argues that: the Moving Defendants raised the same arguments it now raises in the instant Motion in their opposition to Plaintiff's Motion for Leave; the magistrate judge rejected these arguments when he granted the Motion for Leave; and the magistrate judge's rulings constitute the law of the case and should not be revisited by this Court.

> "The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" <u>Musacchio v. United States</u>, --- U.S. ----, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016) (quoting <u>Pepper v. United States</u>, 562 U.S. 476, 506, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011)).  The district court determined that it was "precluded" from reconsidering its order dismissing the original First Amendment claims in adjudicating the motion to dismiss the amended First Amendment claims, absent a showing that "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." <u>United States v. Cuddy</u>, 147 F.3d 1111, 1114 (9th Cir. 1998). . . .

> **The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case.**  The doctrine applies most clearly where an issue has been decided by a higher court; in that case, the lower court is precluded from reconsidering the issue and abuses its discretion in doing so except in the limited circumstances the district court identified.  <u>See, e.g.</u>, <u>Cuddy</u>, 147 F.3d at 1114; <u>United States v.</u>

> Miller, 822 F.2d 828, 832 (9th Cir. 1987) ("The
> rule is that the mandate of an appeals court
> precludes the district court on remand from
> reconsidering matters which were either expressly
> or implicitly disposed of upon appeal."); United
> States v. Houser, 804 F.2d 565, 567 (9th Cir.
> 1986) ("The legal effect of the doctrine of the
> law of the case depends upon whether the earlier
> ruling was made by a trial court or an appellate
> court. . . . A trial court may **not**, however,
> reconsider a question decided by an appellate
> court.").

Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1042 (9th

Cir. 2018) (some alterations in Askins) (some emphasis added).

Thus, the law of the case doctrine does not preclude this Court

from reassessing the magistrate judge's rulings on the arguments

that were presented in both the opposition to the Motion for

Leave and the instant Motion.

　　　Moreover, this Court notes that the standard applicable

to a court's consideration of a plaintiff's motion for leave to

file an amended complaint is governed by Fed. R. Civ.

P. 15(a)(2), which states, in pertinent part: "The court should

freely give leave when justice so requires."  This district court

has stated:

> "This policy is 'to be applied with extreme
> liberality.'" Eminence Capital, LLC v. Aspeon,
> Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)
> (citations omitted).  The determination whether a
> party should be allowed to amend a pleading is
> left to the discretion of the court. Zenith Radio
> Corp. v. Hazeltine Research, Inc., 401 U.S. 321,
> 330 (1971) (citation omitted).  If the facts or
> circumstances a plaintiff relies upon may be the
> basis of relief, she should be afforded an
> opportunity to test her claim on the merits.

14

> Foman v. Davis, 371 U.S. 178, 182 (1962).
> Furthermore, in exercising its discretion to grant
> leave to amend, a court "'should be guided by the
> underlying purpose of Rule 15(a) . . . which was
> to facilitate decisions on the merits, rather than
> on technicalities or pleadings.'" In re Morris,
> 363 F.3d 891, 894 (9th Cir. 2004) (quoting James
> v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001))
> (alteration in original).

Bald v. Wells Fargo Bank, N.A., CIVIL NO. 13-00135 SOM-KSC, 2017

WL 5617061, at *1 (D. Hawai`i Nov. 20, 2017). "[F]utility of the

amendment" is one of the factors that can be considered in this

analysis. Id. at *2 (citing Foman, 371 U.S. at 182; Morris, 363

F.3d at 894). However, even though futility may be considered,

the Rule 15(a)(2) standard is far less stringent than the

standard applicable to this Court's consideration of a motion to

dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To

survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007))); id. ("A claim has facial

plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." (citing Twombly,

550 U.S. at 556)).

     This Court therefore rejects Plaintiff's argument that

the law of the case doctrine precludes this Court from

considering the arguments raised in the Motion.

## III. **Res Judicata**

The Moving Defendants argue the res judicata effect of the California Case and the Bankruptcy Case preclude Plaintiff's claims in the instant case, in particular because Plaintiff is attempting to re-litigate the argument – which the bankruptcy court rejected in a final, appealable order – that U.S. Bank lacked standing to conduct the foreclosure.

The following standards apply to the issue of whether the judgment in the California Case has a res judicata effect:

> Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738.  <u>See</u> <u>San Remo Hotel, L.P. v. City & County of San Francisco</u>, 545 U.S. 323, 125 S. Ct. 2491, 162 L. Ed. 2d 315 (2005).  Generally "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).  To determine the preclusive effect of a state court judgment federal courts look to state law.  <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 364 (9th Cir. 1993).  California's res judicata doctrine is based on a primary rights theory.  The California Supreme Court explained that the primary rights theory:
>
> > [P]rovides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

16

> *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888,
> 904, 123 Cal. Rptr. 2d 432, 443, 51 P.3d 297, 306
> (2002) (citations omitted).  A party may bring
> only one cause of action to vindicate a primary
> right.  *Id.* at 897, 123 Cal. Rptr. 2d at 438, 51
> P.3d at 302.  Claims not raised in this single
> cause of action may not be raised at a later date.
> *Id.*

*Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022,

1031 (9th Cir. 2005) (alterations in *Manufactured Home*) (footnote

omitted).

The Moving Defendants point out that the defendants in

the California Case filed a motion to dismiss, which was granted

on December 21, 2010.  Plaintiff did not take an appeal in the

California Case.  [Mem. in Supp. of Motion at 3 (citing Rogers

Decl., Exh. A (docket sheet for California Case, printed on

10/21/16)).]  The district court in the California Case dismissed

Plaintiff's Truth in Lending Act and Real Estate Settlement

Procedure's Act claims with prejudice and dismissed Plaintiff's

state law claims without prejudice.  [Rogers Decl., Exh. A at

dkt. no. 15 (entry for order granting motion to dismiss).]  This

Court cannot determine, based upon the docket sheet of the

California Case, whether any of the claims Plaintiff now brings

in the instant case constitute the same cause of action as claims

brought in the California Case.  See *Mycogen Corp.*, 123 Cal.

Rptr. 2d at 438.  Therefore, to the extent the Motion seeks

dismissal based on the res judicata effect of the judgment in the

California Case, the Motion is denied.

The following standard applies to the issue of whether the judgment in the Bankruptcy Case has a res judicata effect:

> We steadfastly protect a litigant's right to his day in court.  Once a sophisticated party has had a full and fair opportunity to be heard, however, we also recognize the merits of finality:
>
> > The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'  The application of this doctrine is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.'  Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'
>
> In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (quoting Montana v. United States, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)); see also Bell v. United States, 2002 WL 1987395, at *4 (E.D. Cal. 2002) ("The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions."); Clements v. Airport Auth., 69 F.3d 321, 330 (9th Cir. 1995) ("Preclusion doctrine encompasses vindication of both public and private interests.  The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose.  The public interests served include avoiding inconsistent results and preserving judicial economy.").

Three elements constitute a successful res judicata defense.  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).

<u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency</u>,
322 F.3d 1064, 1077 (9th Cir. 2003) (footnote omitted).  In order
to accept the Moving Defendants' position that certain rulings in
the Bankruptcy Action have a res judicata effect, this Court
would be required to consider more than the mere fact that the
court documents attached to the Motion were filed.  This Court
would have to consider the contents of those documents, as well
as various representations purportedly made in the Bankruptcy
Case.  This would go beyond the scope of judicially noticed
documents that are considered in ruling on a motion to dismiss.
<u>See</u> <u>Hirota</u>, 2015 WL 6673688, at *2-3.  This Court therefore
concludes that it cannot determine the res judicata effect of the
Bankruptcy Case based upon the limited record currently before
this Court.

        To the extent the Motion seeks dismissal of Plaintiff's
claims based on the res judicata doctrine, the Motion is denied.
However, the denial is without prejudice to the presentation of
the res judicata issues in a motion for summary judgment.

**IV.  <u>Plausibility of Plaintiff's Claims</u>**

        The Moving Defendants' argument that the Second Amended
Complaint fails to state any plausible claims for relief also
asks this Court to consider the contents of documents filed, and
representations made, in the prior proceedings.  In ruling upon
the instant Motion, this Court must accept all of the factual

19

allegations of the Second Amended Complaint as true, but it does not accept the legal conclusions pled within the factual allegations.  See Iqbal, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting Twombly, 550 U.S. at 555)).  So construed, Plaintiff's Second Amended Complaint states sufficient factual allegations to support a reasonable inference that the Moving Defendants are liable for the misconduct alleged.  See id.  This Court therefore concludes Plaintiff's Second Amended Complaint alleges plausible claims for relief and denies the Motion.  However, the denial of the Motion is without prejudice to the Moving Defendants' ability to raise similar arguments in a motion for summary judgment.

## CONCLUSION

On the basis of the foregoing, JPMorgan, Wells Fargo, CRC, and U.S. Bank's Motion to Dismiss [Dkt. No. 58] Plaintiff Samuel St. James's Second Amended Complaint, filed May 25, 2018, is HEREBY DENIED.  The Moving Defendants are ORDERED to file their answer to Plaintiff's Second Amended Complaint by **November 21, 2018**.  If the Moving Defendants file a motion for reconsideration of the instant Order, it will not affect their deadline to file their answer.  If necessary in light of any rulings on a motion for reconsideration, this Court will allow

the Moving Defendants to file an amended answer to the Second Amended Complaint.

The Clerk's Office is DIRECTED to terminate Defendants Washington Mutual Bank, FSB, Washington Mutual Holding Inc., and Wells Fargo Bank, N.A. because they are not named as parties in the Second Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

SAMUEL ST. JAMES VS. JP MORGAN CHASE BANK CORP., ET AL; CIVIL 16-00529 LEK-KSC; ORDER DENYING MOTION TO DISMISS [DKT. NO. 58] PLAINTIFF SAMUEL ST. JAMES'S SECOND AMENDED COMPLAINT

21